UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY DAVIS MORGAN, | No. 2:19-cv-1600 CKD P |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH SERVICE, et al., | |
| Defendants. | |

Plaintiff, a former county and current federal prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; and state tort law.  He has also filed motions for a protective order (ECF No. 10), to amend (ECF No. 11), to appoint a paralegal (ECF No. 12), to prohibit restriction on the right to counsel (ECF No. 13), and to extend time (ECF No. 14).

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Motion to Amend

Shortly after filing the original complaint (ECF No. 1), plaintiff filed a second copy of the complaint that was docketed as a first amended complaint (ECF No. 6). Not long after that, he filed a motion for supplemental pleading requesting that it be added onto his original complaint. (ECF No. 8.) The Clerk of the Court was directed to strike the second copy of the complaint and plaintiff's motion to supplement the complaint was denied. (ECF No. 9.) Plaintiff was then given thirty days to file an amended complaint (id.), and he proceeded to file a motion to amend accompanied by a proposed first amended complaint (ECF No. 11).

Review of the proposed amended compliant reveals that Claims II through IV mirror the allegations in the original complaint without any substantive changes (id. at 6-10), while Claim I asserts an entirely new claim for relief based upon plaintiff being made to sleep on the floor and an incident with an Officer Morgan (id. at 4-5). However, plaintiff is already pursuing the claims articulated in Claim I in Morgan v. Sacramento County Sheriff's Department (Morgan I), No. 2:19-cv-1179 KJM DMC (E.D. Cal.). Morgan I was initiated prior to the instant action and is currently proceeding on the second amended complaint, which includes the claims contained in Claim I of the proposed amended complaint in this action. Morgan I, ECF Nos. 19, 43. Because Claim I is duplicative of the claims in Morgan I and Claims II through IV offer no substantive additions to the claims in the original complaint, the motion to amend will be denied, the proposed amended complaint will be disregarded, and this case will proceed on the original complaint. If plaintiff seeks to expand upon his allegations in Claim I of the proposed amended complaint, he must do so by seeking to amend the complaint in Morgan I.

////

III.  Statutory Screening of Prisoner Complaints

  A. Standard for Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

   B. Complaint

The complaint alleges that defendants Sacramento Department of Health Services, Lord, and Obshire violated plaintiff's rights under the Eighth Amendment, the ADA, and state tort law. Specifically, plaintiff alleges that he suffers from chronic nerve ending pain that qualifies as a disability under the ADA. (ECF No. 1 at 3.) After he arrived at the Sacramento County Jail he began making complaints to various medical staff about the failure to accommodate his disability by failing to provide appropriate pain medication, mobility devices, or an accessible cell. (Id.) While at the jail, defendant Lord refused to provide any pain medication and instead continued to prescribe various anti-depressants despite plaintiff notifying her that they do nothing to address his pain and caused severe side effects. (Id.) He further alleges that Lord told him that "Sacramento County Jail medical facility does not give out Norco's, Tylenol 3s or any other opiates pain accomodating [sic] medication." (Id. at 4.) Plaintiff also alleges that defendant Obshire ordered his cane taken away, despite his mobility issues. (Id. at 4-5.) As a result, he was not able to walk to the designated area for his mandatory insulin check and was instead given his insulin at a later time. (Id. at 5.)

   C. Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff

4

1  to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition
2  could result in further significant injury or the unnecessary and wanton infliction of pain,'" and
3  (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal
4  quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

5  Deliberate indifference is established only where the defendant *subjectively* "knows of and
6  disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057
7  (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate
8  indifference can be established "by showing (a) a purposeful act or failure to respond to a
9  prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d
10 at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high
11 risk of harm that is either known or so obvious that it should be known") is insufficient to
12 establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5
13 (1994) (citations omitted).

14 A difference of opinion between an inmate and prison medical personnel—or between
15 medical professionals—regarding appropriate medical diagnosis and treatment is not enough to
16 establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);
17 Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in
18 diagnosing or treating a medical condition does not state a valid claim of medical mistreatment
19 under the Eighth Amendment. Medical malpractice does not become a constitutional violation
20 merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

21 Plaintiff's allegations that defendant Lord would only provide him with medication that
22 did nothing to treat his pain and that caused severe side effects are sufficient to state a claim for
23 relief and will require a response.

24 With respect to the Sacramento County Department of Health Service, "municipalities and
25 other local government units . . . [are] among those persons to whom § 1983 applies." Monell v.
26 Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, "a municipality can be liable under
27 § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'"
28 Canton, 489 U.S. at 389 (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk

County. v. Dodson, 454 U.S. 312, 326 (1981)).  There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385.  Plaintiff alleges that the Sacramento County Department of Health Services is responsible for the provision of medical care within the jail and that defendant Lord told him that policy in the jail prohibited the prescription of opiate pain medication.  The alleged ban on opiate pain medications does not state a claim for relief because it does not establish that doctors were prohibited from prescribing other types of pain medication or that the policy was the cause of Lord's decision to continue prescribing ineffective anti-depressants that caused severe side effects instead of pain medication.

Finally, plaintiff's allegations against defendant Obshire fail to state a claim for relief because he does not identify what injury he suffered as a result of his cane being taken away.  Although plaintiff asserts that he was unable to walk to get his insulin without the assistance of a cane, he later states that he was still provided with insulin.

### D.  Americans with Disabilities Act

To state a claim under Title II of the ADA, the plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)); Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citations omitted).  "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original).  The Supreme Court has held that Title II of the ADA applies to state prisons.  Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998).

As an initial matter, it is unclear which defendants plaintiff is attempting to bring ADA claims against, so to the extent he is attempting to bring such claims against Lord and Obshire in their individual capacities, these claims must be dismissed. Stewart v. Unknown Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chander, 303 F.3d 1039, 1052 (9th Cir. 2002)); see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials." (citations omitted)). If plaintiff is attempting to bring individual capacity ADA claims under § 1983, he also fails to state a claim. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the Rehabilitation Act.")).

Furthermore, "the ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citation omitted); see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice.")

There are no facts that show plaintiff was denied the benefit of services or programs or that such denial was *because of* his disability. Plaintiff's allegations about the pain medication he received go to the adequacy of the treatment or assistance he was receiving, not to the denial of services because of his disability. Furthermore, while the removal of his cane made him unable to walk to the area where he normally received his insulin, he claims his insulin was brought to him later, making it unclear what services or programs he was unable to access due to the loss of his cane. Plaintiff has therefore failed to state any claims for relief under the ADA.

E. State Tort Law

Under California law, the timely presentation of a claim under the California Tort Claims Act is a condition precedent to maintaining a tort action against the state and therefore is an element of the cause of action that must be pled in the complaint. State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1237, 1240 (2004) (citations omitted).

A plaintiff seeking to bring a lawsuit for money or damages against a local public entity[1] for personal injury must first submit a claim to the entity within six months after accrual of the cause of action. Cal. Gov't Code §§ 905; 911.2. A claim against a public employee or former public employee is not required to be presented prior to filing an action against the employee if the alleged injury resulted from an act or omission in the scope of the defendant's employment as a public employee. Cal. Gov't Code § 950. However, a cause of action against the employee cannot be maintained if an action for the injury would be barred against the employing public entity for failure to comply with the notice of claim requirements. Cal. Gov't Code § 950.2. In other words, a plaintiff must submit a notice of claim to the employing public entity before he can bring suit against the public employee. Furthermore, if the employee is a health care provider being sued for professional negligence, there is a separate requirement that the health care provider be provided notice of intent to sue at least ninety days prior to commencement of the suit. Cal. Civ. Proc. Code § 364.

Plaintiff has failed to allege compliance with the notice of claim statutes and therefore his claims for negligence and medical malpractice fail to state claims for relief.

F. <u>Leave to Amend</u>

For the reasons set forth above, the court finds that the complaint does not state any cognizable claims against defendants Obshire and Sacramento County Department of Health or against defendant Lord under the ADA and state tort law. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Lord on his claim that she violated his Eighth Amendment rights when she refused to prescribe anything for his pain but anti-depressants that caused severe side effects, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how

---

[1] "Local public entity" is defined as "a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State, but does not include the State." Cal. Gov't Code § 900.4.

he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on his Eighth Amendment claim against defendant Lord without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntary dismissal without prejudice of all claims against defendants Obshire and Sacramento County Department of Health and against Lord for violations of the ADA and state tort law.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV.   Motion for Protective Order

Plaintiff seeks a protective order setting forth guidelines for designating confidential documents and filing documents under seal.  (ECF No. 10.)  However, no defendant has been

served and discovery has therefore not yet commenced. Accordingly, the motion for protective order is premature and will be denied without prejudice. Once discovery commences, if plaintiff believes a protective order is necessary he must first attempt to come to an agreement with defendants as to the scope of the order and should not move for a protective order until there are documents or testimony at issue that would require the issuance of a protective order.

V.      Motion for Appointment of a Paralegal and Investigator

Plaintiff has filed a motion seeking appointment of a paralegal and funds to hire an investigator. (ECF No. 12.) This request will be denied because "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress,'" Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (alteration in original) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)), and the in forma pauperis statute does not authorize the expenditure of public funds on a paralegal or for an investigator, 28 U.S.C. § 1915.

To the extent plaintiff is alternatively seeking appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Although some of plaintiff's allegations are sufficient to state claims for relief, it is not clear at this stage that he has any likelihood of success on the merits. Furthermore, plaintiff has shown himself capable of articulating his claims without the assistance of counsel up to this point.

He has therefore failed to demonstrate the extraordinary circumstances warranting the appointment of counsel.

For these reasons, the motion for appointment of a paralegal and investigator will be denied.

### VI. Motion for Order Prohibiting Restriction on Rights to Counsel

Plaintiff requests an order requiring the Sacramento County Sheriff's Department to allow him confidential calls with an attorney, paralegal, and investigator in relation to Morgan I. (ECF No. 13.)  As plaintiff is no longer in the custody of the Sacramento County Sheriff's Department the motion is moot.  Furthermore, if plaintiff seeks relief related to his pursuit of Morgan I, such requests for relief must be made in that case.  For these reasons the motion will be denied.

### VII. Motion for Extension

Plaintiff seeks an unspecified extension of court proceedings pending his transfer into federal custody.  (ECF No. 14.)  Plaintiff has since been transferred into federal custody (ECF No. 16) and the motion will therefore be denied as moot.

### VIII. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not.  Defendant Lord will be required to respond to the claim that she violated your rights under the Eighth Amendment.  None of your other allegations are enough to state claims for relief.

You have a choice to make.  You may either (1) proceed immediately on your Eighth Amendment claim against defendant Lord and voluntarily dismiss the other claims or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all claims against defendants Obshire and Sacramento County Department of Health and against Lord for violations of the ADA and state tort law.  If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint.  **Any claims and**

**information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's motion to amend (ECF No. 11) is denied and the attached proposed amended complaint shall be disregarded.

4. Plaintiff's motion for protective order (ECF No. 10) is denied as premature.

5. Plaintiff's motion for a paralegal and investigator (ECF No. 12) is denied.

6. Plaintiff's motion for an order prohibiting restrictions on his right to counsel (ECF No. 13) is denied as moot.

7. Plaintiff's motion for an extension of time (ECF No. 14) is denied as moot.

8. All claims against defendants Obshire and Sacramento County Department of Health and the claims against Lord for violations of the ADA and state tort law do not state claims for which relief can be granted.

9. Plaintiff has the option to proceed immediately on his Eighth Amendment claim against defendant Lord or to amend the complaint.

10. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendants Obshire and Sacramento County

Department of Health and the claims against Lord for violations of the ADA and state tort law.

Dated: June 8, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:morg1600.14.option

|   |   |
|---|---|
| SAMMY DAVIS MORGAN,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY DEPARTMENT OF HEALTH SERVICES, et al.,<br><br>Defendants. | No.  2:19-cv-1600 CKD P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment claim against defendant Lord without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all claims against defendants Obshire and Sacramento County Department of Health and the claims against Lord for violations of the ADA and state tort law.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

                                                Sammy Davis Morgan
                                                Plaintiff pro se

14