UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY DAVIS MORGAN, | No. 2:19-cv-1600 CKD P |
| Plaintiff, | |
| v. | ORDER and FINDINGS AND RECOMMENDATIONS |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH SERVICE, et al., | |
| Defendants. | |

Plaintiff, a former county and current federal prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act (RA) of 1973; and California Government Code § 11135.  (ECF No. 24.)

I. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

////

1

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

1 pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,
2 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

3     II.        First Amended Complaint

4     The complaint alleges that defendants Sacramento Department of Health Services and
5 Lord violated plaintiff's rights under the Eighth and Fourteenth Amendments, the ADA, the RA,
6 and state law.

7     In Claim One, plaintiff alleges that he suffers from a plantar cyst and diabetic neuropathy
8 that cause him chronic pain, which qualifies as a disability under the ADA. (ECF No. 24 at 3.)
9 While in custody at the jail, defendant Sacramento Department of Health Services violated his
10 Fourteenth Amendment rights and rights under the ADA by instructing custody staff to make
11 ADA inmates sleep on the ground if an ADA cell was not available, which resulted in plaintiff
12 having to sleep on the ground next to the toilet and having bodily waste spilled on him. (Id. at 2-
13 3.) Claim Four repeats the allegations in Claim One and reasserts that they violate his rights
14 under the ADA. (Id. at 8-9.)

15     Claim Two alleges that the conduct by the Department of Health Services alleged in
16 Claim One also violated plaintiff's rights under the Eighth Amendment and that the Department
17 denies inmates the right to proper medications for chronic pain. (Id. at 4.) He further alleges that
18 defendant Lord violated his Eighth Amendment rights by prescribing him anti-depressants for
19 pain management, which did not reduce his pain and caused unspecified side effects. (Id. at 5.)
20 When he told medical personnel that prior to coming to jail he had been prescribed Norco and
21 Tylenol 3, Lord and other medical staff told him that it was jail policy not to prescribe narcotics
22 for chronic pain issues. (Id.) Claim Three reiterates the claims against Lord and adds that
23 plaintiff submitted numerous complaints about his chronic pain and advised Lord that some anti-
24 depressants caused bad side effects and the pain medications prescribed did not provide any pain
25 relief. (Id. at 6-7.) In response, Lord continued to prescribe anti-depressants and ineffective,
26 non-narcotic pain medication and ignored his requests for Norco or Tylenol 3. (Id.)

27     Claim Five alleges that plaintiff's rights under the RA were violated when he was denied
28 effective pain medication and was forced to sleep on the floor because there were not any ADA

cells available. (Id. at 9-10.)

Finally, in Claim Six, plaintiff alleges that California Government Code § 11135 was violated when the policies of the Department of Health Services resulted in the denial of effective pain medication and plaintiff having to sleep on the floor. (Id. at 10-11.)

### A. Cell Accommodation Claims

Plaintiff has once again included claims for relief based upon being made to sleep on the floor because of a lack of ADA compliant cells, which he alleges violated his rights under the Eighth and Fourteenth Amendments, the ADA, the RA, and California Government Code § 11135. The undersigned previously found that plaintiff was already pursuing claims related to being made to sleep on the floor in Morgan v. Sacramento County Sheriff's Department (Morgan I), No. 2:19-cv-1179 KJM DMC (E.D. Cal.). ECF No. 18 at 2. Plaintiff was advised that because Morgan I was initiated prior to this action, if he sought to expand upon the allegations related to being forced to sleep on the floor, he needed to do so by seeking to amend the complaint in Morgan I. Id. Moreover, review of the docket in Morgan I shows that plaintiff currently has a pending motion to amend and proposed amended complaint in that case that includes the claims in this case that are based on being forced to sleep on the floor. (Morgan I, ECF Nos. 101, 102.) Accordingly, all of Claims One and Four and the portions of Claims Two, Five, and Six that allege that plaintiff's rights were violated by being made to sleep on the floor should be dismissed.

### B. Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

////

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

To the extent plaintiff alleges that defendant Lord refused to prescribe him specific medications, he alleges nothing more than a difference of opinion as to his treatment. However, plaintiff's allegations that Lord continued to provide him with medication that provided no relief, and in some cases caused severe side effects, even after being told that the medications did not work, are sufficient to state a claim for relief and will require a response.

With respect to the Sacramento County Department of Health Service, "municipalities and other local government units . . . [are] among those persons to whom § 1983 applies." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'" Canton, 489 U.S. at 389 (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk County. v. Dodson, 454 U.S. 312, 326 (1981)). There must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." Id. at 385.

To the extent plaintiff alleges that he was denied effective pain relief because defendant Lord told him that policy in the jail prohibited the prescription of opioid pain medication, he once again fails to state a claim. The alleged ban on opioid pain medications does not state a claim for relief because it does not establish that doctors were prohibited from prescribing other types of pain medication or that the policy was the cause of Lord's failure to provide plaintiff with effective treatment.

### C. Americans with Disabilities Act and Rehabilitation Act

To state a claim under Title II of the ADA, the plaintiff must allege that:

> (1) he "is an individual with a disability;" (2) he "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [his] disability."

McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (alteration in original) (quoting Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002)); Weinreich v. Los Angeles Cnty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citations omitted). "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original). The Supreme Court has held that Title II of the ADA applies to state prisons. Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209-10 (1998).

While the RA has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes," Zukle v. Regents of the Univ. of Cal., 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (internal citations omitted).

"[T]he ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citation omitted);

1  see also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated

2  by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA

3  does not create a remedy for medical malpractice.")

4      Plaintiff alleges that his rights under the RA were violated when he was denied effective

5  pain medication, and he appears to claim this conduct also violated the ADA. (ECF No. 24 at 4-

6  5, 9-10.) As in the original complaint, there are no facts that show plaintiff was denied the benefit

7  of services or programs or that such denial was *because of* his disability. Once again, plaintiff's

8  allegations about the pain medication he received go to the adequacy of the treatment or

9  assistance he was receiving, not to the denial of services because of his disability. Plaintiff has

10  therefore failed to state any claims for relief under the ADA or the RA.

11      D.  California Government Code § 11135

12      Section 11135 of the California Government Code provides that

> [n]o person in the State of California shall, on the basis of sex, race, color, religion, ancestry, national origin, ethnic group identification, age, mental disability, physical disability, medical condition, genetic information, marital status, or sexual orientation, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state.

18  Cal. Gov't Code § 11135(a). However, as with the plaintiff's ADA and RA claims, plaintiff's

19  claim that § 11135 was violated because he was denied adequate pain medication does not state a

20  claim because the allegations are about the sufficiency of his treatment and there are no facts that

21  support a claim for discrimination. Furthermore, a plaintiff can obtain only equitable relief for a

22  violation of § 11135. Cal. Gov't Code § 11139. Plaintiff has not requested any equitable relief

23  (ECF No. 24 at 12) and is no longer in the custody of the jail (ECF No. 16), making any potential

24  claim for relief moot. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001) ("[W]hen a prisoner is

25  moved from a prison, his action will usually become moot as to conditions at that particular

26  facility" (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995))); Johnson v. Moore, 948

27  F.2d 517, 519 (9th Cir. 1991) (claims for injunctive relief related to conditions of confinement

28  were moot where prisoner was transferred to another facility and "demonstrated no reasonable

1  expectation of returning to [the original facility]." (citing Darring v. Kincheloe, 783 F.2d 874, 876

2  (9th Cir. 1986))).

3        E.   Miscellaneous Claims

4      Plaintiff attaches a memorandum in which he makes a number of claims against the

5  Sacramento Department of Health Services relating to understaffing, accommodation of

6  individuals with disabilities, medical and mental health treatment, and conditions at the jail in

7  general. (ECF No. 24 at 13-17, 20-25.) These allegations are general in nature, fail to identify

8  any violation of plaintiff's rights, and therefore fail to state any claims for relief.

9     III.   No Leave to Amend

10      Leave to amend should be granted if it appears possible that the defects in the complaint

11  could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130 (9th

12  Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant

13  must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is

14  absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing

15  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However, if, after careful consideration,

16  it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to

17  amend. Cato, 70 F.3d at 1105-06.

18      Here, plaintiff is already pursuing his claims about being made to sleep on the floor in

19  another case and his claims against the Sacramento Department of Health Services do not state

20  viable claims for relief. The court previously granted plaintiff an opportunity to amend, and

21  despite the instructions plaintiff was given regarding the type of information necessary to state a

22  claim, the allegations in the first amended complaint essentially repeat the allegations of the

23  original complaint with no additional, supporting facts to address the original's deficiencies. The

24  court therefore concludes that plaintiff has no further facts to allege and is convinced that further

25  opportunities to amend would be futile.

26     IV.   Plain Language Summary of this Order for a Pro Se Litigant

27      It is being recommended that the first amended complaint be allowed to go forward

28  against defendant Lord on the claim that she violated your Eighth Amendment rights by refusing

to give you effective pain medication.  Your claims about being made to sleep on the floor should be dismissed because you have already brought them in your other case and your claims against the Sacramento Department of Health services should be dismissed because you have not included enough facts to show that you have a claim for relief.

IT IS HEREBY ORDERED that the Clerk shall assign a district judge to this case.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Claims One and Four, which consist of claims that plaintiff's rights were violated by being made to sleep on the floor, and the portions of Claims Two, Five, and Six that make similar allegations be dismissed without prejudice to being brought in Morgan v. Sacramento County Sheriff's Department, No. 2:19-cv-1179 KJM DMC (E.D. Cal.).

2.  This case proceed against defendant Lord on the allegations in Claims Two and Three that she violated plaintiff's rights under the Eighth Amendment when she refused to provide plaintiff with anything other than medications that did nothing to alleviate his pain.

3.  All remaining claims and defendant Sacramento Department of Health Services be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 29, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:morg1600.screen.f&r